1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WRATHER, | ) 1: 03-CV-5415 SMS |
| | ) |
|           Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION |
| | ) FOR ATTORNEY'S FEES (DOC. 21) |
| | ) |
|    v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
|           Defendant. | ) |
| | ) |
| _____ | ) |

Plaintiff prevailed in his action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (Act). Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter. Pending before the Court is Plaintiff's motion for attorney's fees, filed on November 29, 2008, and Defendant's response thereto filed on January 30, 2008.

1

I. <u>Background</u>

After full briefing by Plaintiff, the Court concluded by order dated August 2, 2004, that the ALJ failed to undertake an adequate examination of the vocational expert by not eliciting the basis for apparent departures from the DOT, or stating a resolution of any discrepancies and the reasons therefor. Thus, the ALJ's decision did not comply with pertinent legal standards, and the ALJ's conclusion that the Plaintiff could perform positions existing in significant numbers in the national economy lacked record support. The Court ordered the matter remanded pursuant to 42 U.S.C. § 405(g), sentence four, for the purpose of offering Plaintiff a new hearing and decision.

On September 15, 2004, pursuant to a stipulated order, the Court awarded Plaintiff attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $3850.00. The order stated that it was a compromise settlement of Plaintiff's request for EAJA fees and did not constitute any admission of liability. The stipulated order stated that the amount represented compensation for all legal services rendered on behalf of plaintiff by plaintiff's attorney in connection with this civil action for services performed before the district court in accordance with 28 U.S.C. § 2412(d). It further recited that it constituted a compromise settlement of Plaintiff's request for EAJA attorney's fees that barred any further application for fees under the EAJA. The stipulation and order expressly provided:

> This award is without prejudice to the rights of plaintiff's counsel to seek Social Security Act attorney's fees, under 42 U.S.C. § 406, subject to

2

1    the offset provisions of the EAJA

2  (Order p. 2.)

3    When the case was remanded to the agency, the Commissioner

4  granted Plaintiff's application, entitling her to receive

5  approximately $52,477.00 in benefits. A sum of $13,119.25 was

6  withheld as twenty-five per cent of the award. Counsel's office

7  expended 24.5 hours of attorney time and 5.9 hours of paralegal

8  time before this Court. No contingency fee contract was executed.

9    In the pending motion, Plaintiff's counsel, Denise Bourgeois

10 Haley of the Law Offices of Lawrence D. Rohlfing, seeks an award

11 of attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel

12 requests a fee of $7,800.00 and an order that Plaintiff be

13 reimbursed in the amount of the $3,850.00 for EAJA fees

14 previously paid. Thus, the net additional award would be

15 $3950.00.

16    Defendant filed a statement in response in which it took no

17 position as to whether the requested fee was reasonable but noted

18 various factors to be considered by the Court.

19    II. Analysis

20        A. Legal Standards

21    With respect to fees awarded under the EAJA, 28 U.S.C. §

22 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute,
> a court shall award to a prevailing party other than
> the United States fees and other expenses, in addition
> to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than
> cases sounding in tort), including proceedings for
> judicial review of agency action, unless the court finds
> that the position of the United States was substantially
> justified or that special circumstances make an award
> unjust.

With regard to the Social Security Act's provision for attorney's fees for services rendered in connection with judicial review of the administrative proceedings, 42 U.S.C. § 406(b) provides:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(B) For purposes of this paragraph--

(i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title, and

(ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

The attorney petitioning for an award of fees pursuant to § 406(b) bears the burden of showing that a claimed fee that was set by contract is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002).

4

Although a fee agreement is entitled to significant weight, even if the claimed fee is within the twenty-five percent limitation, the Court must independently assess the reasonableness of the contract. Id. To avoid a windfall for the attorney, recovery may be reduced because of the character of the representation, the results achieved, a disproportionately large award in comparison to the time expended, or any delay caused by the attorney. Id. Thus, the Court may require the claimant's attorney to submit a record of the hours spent on the case and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases. Id.

          B. Reasonableness of Fee

     Here, counsel's declaration establishes that counsel reasonably expended 24.5 hours of attorney time and 5.9 hours of paralegal time before the District Court.

     The appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine whether the fee, which is acknowledged to be within the permissible twenty-five per cent of total recovery, is reasonable.[1] Gisbrecht, 535 U.S. at 792, 797-98, 808.

     Here, a simple calculation of the total sought in this application ($7800.00.00) divided by the attorney hours alone

---

[1] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, see, Allen v. Shalala, 48 F.3d 456 (9th Cir. 1995) (overruled by Gisbrecht), which may then be adjusted by considering various factors identified in Kerr v. Screen Actors Guld, Inc., 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

would result in an hourly rate of approximately $318.00, which would not amount to a windfall to counsel or constitute an inordinately large fee in view of counsel's experience and what may be described as a de facto hourly rate. The rate would be considerably less should the paralegal time be counted.[2] (See Deft.'s Response at 3-4 [$257.00 per hour].) The character of the representation was excellent in view of the ultimate effect of counsel's work before this Court, namely, obtaining a remand and favorable result thereafter. Further, the results achieved were clearly quite favorable to the Plaintiff, who received a substantial award of past-due benefits. Plaintiff's counsel was not responsible for any delay. However, counsel was required to wait a lengthy period of time before receiving any compensation for the excellent work done in this action.

Therefore, the Court finds that the fees requested are reasonable.

### C. Offset of EAJA Award

The payment under the EAJA arises if the government's position in the litigation was not substantially justified, and the fee is determined by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d). The payment provided for under § 406(b)(1)(A) is payable out of, and not in addition to, the amount of the past-due benefits. Gisbrecht v. Barnhart, 122 S.Ct.

_____

[2] The courts are in disagreement regarding whether or not time expended by a paralegal is separately considered or whether it has been expected to be included in overhead. See, Roark v. Barnhart, 221 F.Supp.2d 1020, 1026 (W.D.Mo.2002) (declining to include paralegal time, which comprised over half of the time spent in the case, in the section 406(b) award because it had been compensated in the EAJA award); Yarnevic v. Apfel, 359 F.Supp.2d 1363, 1365-66 (N.D.Ga.2005) (concluding that not including paralegal fees would amount to a windfall, and approving an award that amounted to an hourly rate of almost $650 where counsel was highly experienced and had obtained significant benefits).

1817, 1820, 1822. Congress has harmonized fees payable by the government under the EAJA with fees payable under § 406(b) out of a Social Security claimant's past-due benefits. Fee awards may be made under both provisions, but the claimant's attorney must refund to the claimant the amount of the smaller fee up to the point that the claimant receives one hundred per cent of the past-due benefits. Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99 Stat. 186; <u>Gisbrecht v. Barnhart</u>, 122 S.Ct. at 1822.

Here, the fee of $7,800.00 provided for pursuant to § 406(b) must be reduced by the $3,850.00 previously awarded under the EAJA.

Accordingly, it IS ORDERED that the motion of Plaintiff's counsel for an award of $7,800.00 in fees IS GRANTED subject to a $3,850.00 offset to Plaintiff for the prior EAJA award.

IT IS SO ORDERED.

**Dated:    March 6, 2008** _____ **/s/ Sandra M. Snyder** _____
UNITED STATES MAGISTRATE JUDGE